# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re DESERT CAPITAL REIT, INC., <br><br>　　　　Debtor, <br>_____ <br>DAVID M. BAGLEY, in his capacity as Trustee of DCR Liquidating Trust, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>LOCKE LORD LLP, <br><br>　　　　Defendant. | Case No.: 2:13-CV-01114-JAD <br><br> Bankr. No.11-16624-LBR <br> Bankr. Adv. No. 13-01084-LBR <br><br> **Draft Order Denying Defendant's Motion for Withdrawal of the Reference to the Bankruptcy Court (#1)** |

Currently before the Court is Defendant Locke Lord LLP's Motion for Withdrawal of Reference of the Adversary Proceeding, Case No. 13-01084-LBR, to the Bankruptcy Court.[1] On July 3, 2013, Plaintiff David M. Bagley, in his capacity as Trustee of the DCR Liquidating Trust filed his Response.[2] On July 3, 2013, Defendant filed its Reply.[3] For the reasons discussed below, the Motion is denied without prejudice.

---

[1] Doc. 1-1 at 30.

[2] Doc. 4.

[3] Doc. 5.

**Background**

On April 29, 2011, certain creditors of Desert Capital REIT ("DCR") filed an involuntary bankruptcy petition for DCR.[4] On April 24, 2012, the bankruptcy court entered an order confirming the Third Plan of Reorganization ("Plan").[5] Under the Plan, the DCR Liquidating Trust ("Trust") was formed, into which all of DCR's assets, were transferred, and for which Bagley was appointed Trustee.[6]

On May 3, 2013, Bagley filed a Complaint against Locke Lord, alleging only one cause of action: breach of fiduciary duty.[7] Bagley seeks damages in an amount equal to all fees DCR paid Locke Lord on or after January 2005.[8] On June 21, 2013, Locke Lord moved to withdraw the reference for cause because the breach of fiduciary duty is a non-core proceeding and both sides either have demanded or will be demanding a jury trial. Bagley counters that the bankruptcy court is best suited to handle all of the pre-trial matters in this proceeding because that court has been handling this case since its commencement.[9] As a result, the bankruptcy court has gained substantial knowledge of DCR's business affairs and the resulting relationships among several affiliates and individuals, including Locke Lord.[10] Locke Lord replies that, among other things, judicial efficiency is best served when the court hearing the discovery disputes, dispositive motions, and motions in limine is the same court that will ultimately conduct the trial.[11]

---

[4]Bankruptcy Case No.: 11-16624-LBR. All references to "BK Doc." refer the corresponding docket number in Bankruptcy Case No.: 11-16624-LBR.

[5]BK Doc. 711.

[6]BK Doc. 518-1 at 8- 33.

[7]Bankruptcy Adversary Case No.: 13-01084-LBR. All references to "Adv. Doc." refer the corresponding docket number in Bankruptcy Adversary Proceeding Case No.: 13-01084-LBR.

[8]Adv. Doc. 1 at 20-21.

[9]Doc. 4 at 3.

[10]*Id*.

[11]Doc. 5 at 3.

**Discussion**

Federal courts have original jurisdiction over civil proceedings arising under, arising in, or related to bankruptcy cases.[12] The district court may refer these matters to a bankruptcy judge,[13] and under LR 1001(b)(1) that is precisely what this district does. A reference to the bankruptcy court may be subject to a permissive or mandatory withdrawal, depending on the circumstances presented.[14] Withdrawal is mandatory in cases requiring material consideration "of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[15] It is permissive in any case or proceeding referred to a bankruptcy court upon the district court's own motion, or on a party's timely motion for cause shown.[16] "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[17] "Other factors that could be relevant are whether the issues are core or non-core proceedings, and the right to a jury trial."[18]

The Bankruptcy Code recognizes a distinction between core and noncore bankruptcy matters:[19]

> In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court. . . . In contrast to the bankruptcy court's authority

---

[12] 28 U.S.C. § 1334(a); *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1179 (9th Cir.2002).

[13] 28 U.S.C. § 157(a).

[14] *See* 28 U.S.C. § 157(d); LR 5011(e).

[15] *Id*.

[16] *Id*.

[17] *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

[18] *Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 587 (D. Nev. 2012) (citations omitted).

[19] *Taxel v. Electronic Sports Research (In re Cinematronics, Inc)*, 916 F.2d 1444, 1449 (9th Cir. 1990).

in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court.[20]

In *In re Cinematronics*, the Ninth Circuit recognized that a claim for breach of fiduciary duty is non-core.[21]

In *Security Farms*, a local union filed for bankruptcy following a series of state court lawsuits brought against it by employers.[22] The employers managed to lift the automatic stay, coordinated their individual suits into one state court proceeding, which the union then removed to federal district court.[23] Pursuant to a federal statute inapplicable here, the case was automatically referred back to the bankruptcy court.[24] The union then moved to withdraw the reference, which the district court granted.[25] The employers appealed. The Ninth Circuit affirmed, finding that efficiency was enhanced by withdrawing the reference because non-core issues predominate and unnecessary costs avoided by a single proceeding.[26] However, the court's holding rested on its conclusion that the district court had not abused its discretion in withdrawing the reference.[27]

Locke Lord argues that the first two factors under *Security Farms*—efficient use of judicial resources and minimizing delay and costs to the parties—favors withdrawal.[28] Emphasizing the non-

---

[20]*Id*. (citations omitted).

[21]*Id*. The Court notes that while a jury trial must be conducted by this Court on non-core proceedings, 11 U.S.C. § 157(c)(1), (e), all pre-trial proceedings up to and through summary judgment motions may be delegated to the bankruptcy court. *See Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 591 (D. Nev. 2012)(citing *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787 (9th Cir. 2007) (holding that a jury demand does not instantly require a bankruptcy court to withdraw jurisdiction, since "allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready . . . ensure[s] that our bankruptcy system is carried out.")).

[22]124 F.3d at 1006.

[23]*Id*.

[24]*Id*.

[25]*Id*.

[26]*Id*. at 1008.

[27]*Id.* at 1009.

[28]Doc. 1 at 35-36 (citing *Security Farms*, 124 F.3d at 1008).

4

core nature of this case, Locke Lord urges that by withdrawing the reference, the Court would not need to perform a *de novo* review of the bankruptcy court's proposed findings and conclusions on dispositive pretrial matters.[29]  Locke Lord also asserts that because this Court will ultimately conduct the trial in this matter, efficiency is promoted if this Court decides discovery disputes and motions in limine.[30]  Finally, Locke Lord argues that because withdrawing the reference would essentially collapse two rounds of briefing on the same issue into one, this will also reduce delay and expense to the parties.[31]

Regardless of the fact that Bagley chose to split the actions rather than try them together in a single proceeding,[32] the Court finds persuasive the fact that the bankruptcy court has developed significant knowledge as a result of handling this case since its inception.  The Court cannot embrace Locke Lord's proposition that in the name of judicial efficiency and in order to avoid dely and expense, the reference should be withdrawn.  Should a non-core adversary proceeding that will receive the benefit of jury trial come before this Court for *all* pre-trial matters, including discovery, the effect would undercut the division of labor currently contemplated under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  There is no articulable limiting principle in this proposition.

While the *Security Farms* factors guide this Court's analysis, *Security Farms* is distinguishable.  In *Security Farms* the district court was confronted by a consolidated proceeding that apparently never came before the bankruptcy court.  In this case, there are nine adversary cases proceeding before the bankruptcy court under DCR's main bankruptcy case, including the instant matter.  Additionally, the bankruptcy court has developed a familiarity with the parties as a result of its handling of both DCR's bankruptcy case in the main and the adversary proceedings thereunder; judicial efficiency and delay will best be ameliorated by allowing the court most familiar with the

---

[29]*Id*. at 7.

[30]Doc. 5 at 3.

[31]Doc. 1 at 7; Doc. 5 at 3.

[32]*See* Doc. 5 at 6 (arguing that this is further evidence of Bagley's lack of interest in judicial efficiency).

parties and issues to address them.  The bankruptcy court is in a better position to deal with all pretrial matters, including dispositive motions in the first instance.  As a result, this Court does not find that withdrawal of the reference will aid judicial efficiency or reduce delay.  The Court recognizes that a second round of briefing on those matters for which the bankruptcy court may only enter findings and recommendations will increase costs, but this consideration alone is not sufficient to justify withdrawal at this time.

For the same reasons, granting the motion will slightly, if at all, impact the uniformity of bankruptcy administration.  Thus, the third *Security Farms* factor weighs neutrally.

As to the final *Security Farms* factor, the Court agrees that withdrawing the reference will not constitute forum shopping because, in any event, the case will end up before this Court for final adjudication on dispositive motions, and perhaps trial.  Nevertheless, this factor taken together with the likely increase in cost to Locke Lord, simply does not outweigh the familiarity the bankruptcy court has with the complex relationships between DCR, its bankruptcy estate, and those parties to the adversary proceedings already underway before that court.  For these reasons, the Court concludes that withdrawal is premature.

## Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Locke Lord's Motion for Withdrawal of the Reference **(Doc. 1) is DENIED** without prejudice.  IT IS FURTHER ORDERED that the bankruptcy court shall continue conduct all pretrial matters and may present reports and recommendations on dispositive issues when the bankruptcy court deems it appropriate.

March 6, 2014.

_____
Jennifer A. Dorsey
United States District Judge